UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MONICA D. NASH,**

**Plaintiff,**

**v.** **Case No. 24-CV-434**

**CITY OF MILWAUKEE,**

**Defendant.**

# ORDER

Plaintiff Monica D. Nash, representing herself, brought this action against her former employer, the City of Milwaukee. (ECF No. 1.) On June 16, 2026, the court granted the City's motion for summary judgment and dismissed the action with prejudice. (ECF No. 72.) On June 30, 2026, the City filed a bill of costs seeking $6,331.42 for fees it alleges were necessarily incurred in litigating the case. (ECF No. 74.) Nash timely filed an objection to the City's bill of costs. (ECF No. 78.) The deadline for a response from the City passed on July 21, 2026, without further filing. (ECF No. 77.)

Federal Rule of Civil Procedure 54(d)(1) states, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "[T]he losing party bears the

burden of an affirmative showing that taxed costs are not appropriate." *Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022).

The Seventh Circuit Court of Appeals has "consistently interpreted Rule 54(d) as providing a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). However, "the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Id.*

The court has discretion to deny costs based on indigency, but it must first "make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future," and "[t]he burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (internal quotation marks and citations omitted). The district court must also "consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Ebrahimi v. Siddiqui*, 113 F.4th 762, 767 (7th Cir. 2024).

Nash argues that her indigency supports denial of the costs and that the City has failed to demonstrate its requested transcript costs were necessarily obtained. (ECF No. 78 at 1–3; ECF No. 78-1 at 1–2).) The City seeks compensation for the cost it incurred in deposing Percy Perry and in transcribing a four-day hearing on Nash's underlying

claims at the Wisconsin Department of Workforce Development – Equal Rights Division ("ERD"). (ECF Nos. 75, 76, 76-1, 76-2.) The City states it incurred these fees "for printed or electronically recorded transcripts necessarily obtained for use in the case," which is an allowable category of costs, as referenced in Rule 54(d) and defined by 28 U.S.C. § 1920.

Nash contends that the Percy Perry transcript is overinclusive because it was not reasonably necessary and is not taxable under § 1920. (ECF No. 78 at 2–3.) The City's transcript invoice for Percy Perry references a different case name and number than Nash's case. (ECF No. 76-1.) It is unclear what connection Perry had to Nash's case, if any, as the record does not appear to contain any references to this individual. Because Nash has made a showing that this cost is inappropriate, the court will grant her objection with respect to the Perry transcript.

As for the transcription of Nash's ERD proceedings, she contends that certain administrative fees should be excluded and that the entire four-day transcript was unnecessary when the City could have ordered only the relevant portions. (ECF No. 78 at 2.)

The transcription invoice includes a $25 fee for "secure hosting" and delivery of the file suite, as well as $145.12 in interest. (ECF No. 76-2.) Nash has not demonstrated why secure file hosting and delivery is inappropriate as it pertains to electronic transcriptions. However, the court agrees that interest resulting from the City's late

payment to its vendor is not an appropriate cost to be taxed in litigation. (*See id.* (indicating the invoice is 61 days past due).)

Nash does not speculate how much, if any, of the ERD transcription was necessary. (*See* ECF No. 78.) The City cited portions from three of the four days of the transcription in its proposed findings of fact in support of its motion for summary judgment. (ECF No. 62, ¶¶ 40–49.) Nash has not demonstrated that the entirety of the transcription cost is inappropriate. The City summarily claimed that the cost was necessary and has not responded to Nash's objection with any further explanation.

Nash contends that she is indigent because her household income is below the federal poverty guidelines and she is receiving public assistance for childcare and energy costs. (ECF No. 78-2 at 1.) She states that she has little to no disposable income after basic living expenses are paid. (*Id.* at 2.) She claims that she pursued this lawsuit in good faith because she believed her rights under the federal employment discrimination laws had been violated. (*Id.*) Nash attached a copy of her notice of eligibility for financial assistance with childcare. (ECF No. 78-4.)

The court granted Nash permission to pursue this action without prepaying the filing fee because of her insufficient financial resources. (*See* ECF No. 4 (granting motion); ECF No. 2 (detailing Nash's financial circumstances).) Given Nash's financial state, she is not capable of paying thousands of dollars in transcription costs now or in the future.

Although the issues raised did not present a particularly close call, no evidence has been presented that Nash pursued this action in bad faith.

Accordingly, Nash's indigency further supports lowering the cost assessed to her. Given the City's utilization of three of the four days of the hearing transcript, the court finds that three-fourths of the cost of the ERD transcription (after deduction of the late-fee interest) is an appropriate amount. That amount totals $3,574.50 ($4,911.12 – $145.12 x 75%).

**IT IS THEREFORE ORDERED** that the plaintiff's objection to the defendant's bill of costs (ECF No. 78) is **GRANTED IN PART AND DENIED IN PART as set forth herein**. The Clerk of Court shall tax costs accordingly.

Dated at Milwaukee, Wisconsin this 5th day of August, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge